IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HENRY EUGENE BAKER, | ) | 4:10CV3228 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, Director | ) | |
| NDCS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Henry Eugene Baker's ("Baker") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (filing no. 10), Brief on the merits of the Petition (filing no. 11), and relevant State Court Records (filing no. 9). Baker filed a Brief in response to the Answer. (Filing No. 13.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of Baker's Petition, he argues that he is entitled to a writ of habeas corpus because:

Claim One:     Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment *because* his trial counsel (1) forced the victim to identify Petitioner at deposition even though she testified that "she had never seen [Petitioner] before that day" and failed to "bring this fact" to the trial court's attention; and (2) failed to file any motion to suppress Petitioner's statement.

Claim Two:     Petitioner was denied due process of law in violation of the Sixth and Fourteenth Amendments *because* the trial court did not consider (1) the inconsistencies between witness and victim testimony; (2) that Petitioner was "under the influence of medication" at the time of his questioning; (3) that the State used "dismissed or unfiled" cases to get the

"maximum sentence" for Petitioner; (4) that there was no physical evidence linking Petitioner to the crime; (5) that the enhancement hearing request was untimely, leading to an excessive sentence for Petitioner; (6) that the prosecutors engaged in prosecutorial misconduct by providing incomplete discovery documents; and (7) that Petitioner was incarcerated at the time of the crime and therefore could not have committed the crime.

(Filing No. 1, together, the "Habeas Claims.")

## *BACKGROUND*

### I.    *Baker's Conviction and Direct Appeal*

On July 21, 2006, after a bench trial, a Platte County, Nebraska District Court judge found Baker guilty of one count of first degree sexual assault. (Filing No. 9-1, Attach. 1, at CM/ECF pp. 22-23.)[1]  The Platte County District Court thereafter determined that Baker was a habitual criminal under Nebraska law and sentenced him to serve a prison term of 25-40 years on that conviction. (*Id.* at CM/ECF pp. 24-40.) Baker filed a timely direct appeal arguing that the evidence was insufficient to support the verdict and that the Platte County District Court erred in reconsidering its habitual criminal determination because the State of Nebraska did not timely file its motion to reconsider. (*Id.* at CM/ECF pp. 44-56.)  Baker did not raise any of his Habeas Claims on direct appeal. (*Id.*)  The Nebraska Court of Appeals summarily affirmed the convictions and sentences on July 23, 2007. (Filing No. 9-5, Attach. 5, at CM/ECF p. 2.)  Baker filed a petition for further review with the Nebraska Supreme Court, which denied relief on August 29, 2007. (*Id.*)

---

[1]The Platte County District Court acquitted Baker on a second count of first degree sexual assault.  (Filing No. 9-1, Attach. 1, at CM/ECF pp. 22-23.)

## II.    *Baker's Amended Post Conviction Motion and Appeal*

On June 20, 2008, Baker filed a verified motion for postconviction relief in the Platte County District Court. Baker, through counsel, filed an amended motion for postconviction relief on January 26, 2009, through counsel (the "Amended Post Conviction Motion")[2]. (Filing No. 9-3, Attach. 3, at CM/ECF pp. 5, 38-40.) Liberally construed, the Amended Post Conviction Motion set forth various claims, including Claim One, Part 2.[3] (*Id.*) However, the Amended Post Conviction Motion did not raise any other Habeas Claim. (*Id.*) The Platte County District Court held an evidentiary hearing and issued a detailed opinion denying relief on all claims asserted in the Amended Post Conviction Motion. (*Id.* at CM/ECF pp. 42-49.) Baker filed a timely appeal of the denial of post conviction relief. On appeal, Baker assigned several errors, encompassing Claim One, Parts 1 and 2, but no other Habeas Claim. (*Id.* at CM/ECF pp. 55-69; Filing No. 9-4, Attach. 4, at CM/ECF pp. 1-12.) On August 12, 2010, the Nebraska Court of Appeals affirmed the Platte County District Court's denial of post conviction relief, also issuing a detailed opinion. (Filing No. 9-4, Attach. 4, at CM/ECF pp. 44-58.) Baker filed a petition for further review with the Nebraska Supreme Court, which also denied relief to Baker on October 14, 2010, without issuing an opinion. (Filing No. 9-5, Attach. 5, at CM/ECF p. 5.) On November 24, 2010, Baker timely filed his Petition in this court. (Filing No. 1.)

---

[2]The court assumes from the record that the Platte County District Court treated the Amended Post Conviction Motion as superseding the original motion, as it considered only claims raised through counsel in the Amended Post Conviction Motion. (Filing No. 9-3, Attach. 3, at CM/ECF pp. 42-49.)

[3]Although not raised in the pleadings, Baker asserted Claim One, Part 2 orally during the evidentiary hearing. (Filing No. 9-3, Attach. 3, at CM/ECF pp. 43-44.) The Platte County District Court treated Claim One, Part 2 as properly raised during the hearing and, "for completeness . . . address[ed] this issue regardless of the fact it was not specifically pled in Baker's amended motion." (*Id.* at CM/ECF p. 44.)

3

*ANALYSIS*

**I.    Claim One, Part 2**

**A.    Standard of Review**

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law.  *See* 28 U.S.C. § 2254(d).  With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts.  *Id.* at 399.  Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable."  *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

As the Supreme Court recently noted, "[i]f this standard is difficult to meet, that is because it was meant to be."  *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct.

770, 786 (2011).  The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents."  *Id.*  In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id.*  This high degree of deference only applies where a claim has been adjudicated on the merits by the state court.  *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim.  The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit recently clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (quotations and citations omitted).  The court also determined that a federal district court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts."  *Id.* at 497.  A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims."  *Id.*  The Supreme Court agrees, recently stating:

> There is no text in the statute requiring a statement of reasons.  The statute refers only to a "decision," which resulted from an "adjudication."  As every Court of Appeals to consider the issue has

5

recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 131 S. Ct. at 784.

### B.      The *Strickland* Standard

Claim One, Part 2, the only Habeas Claim adjudicated on the merits by the Nebraska state courts, relates to the ineffective assistance of counsel. Claims of ineffective assistance of counsel are reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

6

Additionally, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro*, supra, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

## C.   Baker's Claim One, Part 2

### 1.   State Court Findings

For his Claim One, Part 2, Baker argues that his trial counsel was ineffective

because he failed to file a motion to suppress statements Baker made to police prior to his arrest.  (Filing No. 1.)  Baker raised Claim One, Part 2 in his Amended Post Conviction Motion and appeal, and the Nebraska courts considered and rejected it. The Platte County District Court applied *Strickland* and other precedent to Baker's Claim One, Part 2, and determined that the claim was without merit.  (Filing No. 9-3, Attach. 3, at CM/ECF pp. 43-44.)  In particular, the Platte County District Court found:

> Here, no evidence was offered such that would establish Baker was in custody during [police] questioning.  To the contrary, the evidence shows that Baker was not in custody when [police] questioned him and, as such, the procedural safeguards established by *Miranda* were not implicated.  Thus, had trial counsel sought the suppression of Baker's statement, such a motion would have failed.  There is no merit to Baker's contention that he was provided ineffective assistance of counsel for failing to seek the suppression of the statement he made to police.

(*Id.* at CM/ECF p. 44.)

Also applying *Strickland* and other state and federal law, the Nebraska Court of Appeals affirmed the Platte County District Court's denial of relief on Claim One, Part 2.  (Filing No. 9-4, Attach. 4, at CM/ECF pp. 53-54.)  For its findings on this issue, the Nebraska Court of Appeals summarized the facts surrounding Baker's police questioning as follow:

> As stated previously, in analyzing whether a suspect/defendant was in custody, there are both mitigating and aggravating circumstances to consider. . . . The mitigating factors weighing against the existence of custody are: (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; or (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions.  In the instant case, it appears that

Baker voluntarily acquiesced to questioning by Investigator Strecker
when Strecker came to Baker's apartment.  Baker was not told that he
was free to leave or that he could request that the officers leave.
However, Baker was not restrained during questioning, he was not
placed under arrest, and he was in his own apartment.

The aggravating factors for the existence of custody: (1) whether
strong-arm tactics or deceptive stratagems were used during questioning,
(2) whether the atmosphere of the questioning was police dominated, or
(3) whether the suspect was placed under arrest at the termination of the
proceeding.  In the instant case, there is no indication from the record
that strong-arm tactics or deceptive stratagems were used during
questioning, nor does it appear that the questioning was police
dominated.  Baker was not placed under arrest at the termination of the
interrogation.

(*Id.* (citations omitted).)  The Nebraska Court of Appeals weighed these facts and
determined:

Having considered all of the factors described in *Rogers*, we find that
Baker was not in custody at the time of his interrogation.  Because Baker
was not in custody, the procedural safeguards of *Miranda* were not
implicated and a motion to suppress would have failed.  Accordingly,
Baker was not prejudiced by trial counsel's failure to file a motion to
suppress the statements he made to Strecker. This argument is without
merit.

(*Id.* at CM/ECF p. 54.)

2.    *Deference*

Respondent argues that the foregoing findings of fact and conclusions of law
regarding Claim One, Part 2 are entitled to deference under the statutory standard of
review that applies to factual and legal conclusions reached by the state courts.
Indeed, as set forth above, the court must grant substantial deference to the Nebraska
state court decisions.  The court has carefully reviewed the record in this matter and

9

finds that the Nebraska state court decisions are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  Baker has not submitted any evidence, let alone clear and convincing evidence, that the Platte County District Court or the Nebraska Court of Appeals was incorrect in any of its factual determinations.  28 U.S.C. § 2254(e)(1).  The grant of a writ of habeas corpus is not warranted here because the Nebraska state courts correctly applied *Strickland* and other federal law. In light of these findings, Baker's Claim One, Part 2 is dismissed.

## II.     *Claim One, Part 1 and Claim Two*

### A.     **Standards for Procedural Default**

As set forth in 28 U.S.C. § 2254(b)(1):

(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (I)    there is an absence of available State corrective process; or
        (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief.  *Id.* at 844.  In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.  *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim-that is, if resort to the state courts would be futile-then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).  Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003).  Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002).  In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir.

1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

## B.   Baker's Claim One, Part 1 and Claim Two

As set forth above, Baker pursued a direct appeal and raised two issues, but did not raise any of his Habeas Claims. (Filing No. 9-1, Attach. 1, at CM/ECF pp. 44-56.) However, Baker raised Claim One, Part 1 in his post conviction appeal, and the Nebraska Court of Appeals rejected it, stating:

> Baker argues that his trial counsel's actions during the victim's deposition were ineffective assistance of counsel. However, this claim was not asserted in Baker's verified motion for postconviction relief and it was not addressed by the district court in its disposition of that motion. We decline to reach the issue, based upon the principle that an appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief. *See State v. Watkins*, 277 Neb. 428, 762 N. W. 2d 589 (2009).

(Filing No. 9-4, Attach. 4, at CM/ECF p. 47 (hyperlinks added).) The Nebraska Nebraska Supreme Court rejected Baker's petition for further review on this issue. (Filing No. 9-5, Attach. 5, at CM/ECF p. 5.) In light of the Nebraska state courts' "plain statement[s]" that they were rejecting Baker's federal claim on independent

and adequate state procedural grounds, this court is barred from addressing the merits of Claim One, Part 1. *Shaddy,* 890 F.2d at 1018.

Additionally, Baker did not raise any portion of Claim Two in the Nebraska state courts, either on direct appeal or in his Amended Post Conviction Motion or appeal.[4]  Baker is now barred from doing so because he cannot submit a second motion for post conviction relief where, as here, the basis for relief was clearly available at the time of his direct appeal and Amended Post Conviction Motion.  *See Ortiz,* 670 N.W.2d at 792.   As such, Claim One, Part 1 and Claim Two are procedurally defaulted and the court cannot reach the merits of these claims unless Baker demonstrates cause and prejudice excusing the default.

## C.    Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).  Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to

---

[4]It is clear from the record before the court that Claim Two is a claim for violation of due process, and not a claim for ineffective assistance of counsel. However, Baker may have raised a variation of portions of Claim Two as ineffective assistance of counsel claims in the Nebraska state courts.  Those ineffective of assistance of counsel claims were adjudicated on the merits by the Nebraska state courts and determined to be wholly "without merit." (Filing No. 9-3, Attach. 3, at CM/ECF pp. 42-49.)  As set forth above, the court must give such findings by the Nebraska state courts substantial deference.  Thus, for the same reasons set forth above regarding Claim One, Part 2, and to the extent Baker seeks review of Claim Two as an ineffective assistance of counsel claim rather than a due process claim, it is dismissed.

comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see also Bell v. Attorney Gen. of the State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

The court has carefully reviewed Baker's submissions in this matter. Liberally construed, Baker argues that he raised all of his Habeas Claims in the Nebraska state courts. (Filing No. 13.) Baker is simply incorrect. As set forth above, Baker did not properly raise these Claims. Baker does not assert any other argument relating to cause and prejudice which would excuse his procedural default.[5]

Although difficult to decipher, Baker states that this court has a "duty" to review his Habeas Claims for "plain error." (Filing No. 13 at CM/ECF p. 6.) Baker misstates the law regarding "plain error" as it relates to procedurally defaulted claims. It is true that, where a state court conducts a "plain error" review of a defaulted claim, it may or may not "cure[] a procedural default." *Shelton v. Purkett*, 563 F.3d 404, 408 (8th Cir. 2009) (noting, but not resolving, the "unfortunate" and "surprisingly persistent" split of authority within the Eighth Circuit regarding this issue). However, it is not a petitioner's "plain error" *argument* which may cure a procedural default, but a state court's "plain error" *review* which may do so.

Indeed, even assuming that a plain error review cures a procedural default, that argument has no effect here because the Nebraska courts did not conduct a "plain error" review. There is simply nothing for this court to review, and this court "may not simply conduct [its] own plain error review de novo." *Id.* Thus, to the extent he asserts it, Baker's "plain error" argument lacks merit. In short, Baker has not

---

[5]Baker does not argue that he is entitled to relief based on a "fundamental miscarriage of justice" or because he is actually innocent. Regardless, the court has independently reviewed the record in this matter and finds that the record does not support such claims.

submitted any argument or evidence which shows that he, or his counsel, were objectively impeded from filing all of his claims in his direct appeal and in his Amended Post Conviction Motion and appeal. Because Baker has not demonstrated cause and prejudice to excuse his procedural default, Claim One, Part 1, and Claim Two are dismissed.

IT IS THEREFORE ORDERED that:

1.      Petitioner Henry Eugene Baker's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice.

2.      A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 11th day of May, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.